**DOES 1–4, Plaintiff–Appellant,**

v.

**UNITED STATES ATTORNEY OFFICE, DISTRICT OF NEVADA, Defendant–Appellee.**

No. 09–17409.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 17, 2010.

Filed Dec. 27, 2010.

166

Margaret Ann McLetchie, Esquire, ACLU of Nevada, Heidi Parry Stern, Akerman Senterfitt, LLP, Allen Lichtenstein, Las Vegas, NV, for Plaintiff–Appellant.

Peter Stuart Levitt, Office of the U.S. Attorney, Las Vegas, NV, for Defendant–Appellee.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: NOONAN, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

Four anonymous "Doe" commentators on a newspaper's Internet message board challenge two subpoenas seeking identifying information for commentators on the Las Vegas Review–Journal's May 26, 2009 article. The district court found that Does 1–4's action was moot and, alternatively, that there was no set of facts supporting Does 1–4's First Amendment claims. We do not reach the First Amendment claims because we decide the case on standing and mootness grounds.

We review de novo whether a party has standing. *See Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir.2009). "Questions of standing ... may be raised and considered for the first time on appeal, including sua sponte." *Id.* We also review de novo the district court's decision to grant a motion to dismiss for mootness. *Stop H–3 Ass'n v. Dole,* 870 F.2d 1419, 1423 (9th Cir.1989).

■ We conclude that Does 1–4's challenge to the first subpoena is moot. The Las Vegas Review–Journal did not comply with that subpoena, and the subpoena no longer has any effect. Therefore, there is no harm to remedy. *See Earth Island Inst. v. United States Forest Serv.,* 442 F.3d 1147, 1157 (9th Cir.2006) (internal quotations omitted), *abrogated on other grounds by Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

■ We also conclude that Does 1–4 lack standing to challenge the second sub-

by 9th Cir. R. 36–3.

poena. Does 1–4 fail to establish that they authored either of the two comments targeted by that subpoena. Therefore, Does 1–4 have not shown that they suffered an injury in fact sufficient to confer standing. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.